By the Court.
Hoffman, J.
—The first inquiry is, what was the rule before the Code?
It was well settled at common law, that tenants in common of a reversion of land upon lease might either join in an action for rent or bring several actions.
In Martin v. Crompe (1 Lord Raymond, 340), Holt, Justice, said: “That if there are two tenants in common of a reversion expectant upon a term of years, upon which rent is reserved, they may join in debt for the rent, or sever; and that one of them may have an action for a moiety of £20 rent, but not for £10; and so it had been adjudged.
Midgley v. Lovelace (Carthews’ Rep., 289), is to the same effect.
This apparently artificial distinction as to the form of the action is noticed by Parke, Baron, in Thomas v. Thomas (5 Weis., H., and Gordon, Exchr. Rep., 33). He appears to recognize it, and states the rule itself to be undoubted law.
In Henniker v. Turner (4 Barn. & Cres., 157), Chief Justice Abbott treats the distinction as unsubstantial, but avoids it by holding it inapplicable to an action of covenant, even it were applicable to an action of debt. The rule that one tenant in common could sue for his aliquot portion of rent reserved was *65 expressly decided, the case raising the very point on special demurrer. See further, Beer v. Beer (9 Eng. L. and Eq. Rep., 468).
The rule that the rent incident to a reversion becomes apportioned by a grant, or by a descent is stated, and the reasons well explained in Gilbert on Rents, p. 172 (Law Library, vol. 20, p. 54). He states that not only the reversion may be disposed of in parts, as in its nature severable; but the rent, as incident to the reversion, may be divided also. The elementary writers also lay down the rule with great unanimity. (Crabbe’s Law of Real Property, § 2318, a; Oary on Landlord and Tenant, 214; Chitty on Pleadings, vol. 1, 566; Bradby on Distresses, p. 41.
In Crosby v. Loop and others (15 Illinois Rep., 527), the Court say: “ On the death of the lessor, the rent has to be apportioned among the heirs on whom the estate is cast. In all cases of the apportionment of rent, it is the duty of the tenant to pay each party the proportion of the rent to which he is entitled. This liability of the tenant forms an exception to the rule that an entire contract cannot be apportioned, and that a debtor cannot be compelled to pay a single demand in parcels, to several persons. The exception had its origin in reasons of policy and convenience, and has been long and firmly established."
The statement of the rule by Justice Nelson" in Cole v. Patterson (25 Wend., 456), is then clearly warranted by authorities, even admitting that the case itself is not decisive, and is open to the criticism of counsel.
The difference between tenants in common and coparceners is shown in the case of Decharms v. Horwood (10 Bingham Rep., 526). The Court say “ The authorities all agree, that whatever be the number of parceners they all constitute one heir. They are connected together by unity of title and unity of interest, and one of them cannot distrain without joining the others in the avowry.” The hardship of being exposed to three actions instead of one was alluded to by Chief Justice Tindal.
The counsel of the appellant has taken the distinction, that although tenants in common could sever and bring separate actions, yet coparceners could not; that a tenancy in common at common law could only be created by purchase or act of the party, and could not be by descent. Hence, that at common law *66 these heirs could not be tenants in common, but would take only as coparceners by custom, some being males, and then must sue jointly. In other words, as these heirs could not have been tenants in common at common law, they have no title to the privileges given to such tenants by that law to sue separately.
But the answer appears to be decisive, that since the year 1*786, under the statute of descents of that year, the heirs of a party seised are tenants in common. The rules applicable to such tenants, when constituted by devise or grant, are equally applicable to them when constituted by descent, unless something arises out of the new method of creating such a tenancy, which might prevent it. None such can be suggested.
The next question is, whether the Code has varied this previous rule.
The 117th section provides that all persons having an interest in the subject matter may be joined as plaintiffs. This would sanction an action by all the heirs in accordance with the opinion of Lord Holt before cited; but does no more than sanction it.
The 119th section is, that of the parties to the action, those who are united in interest must be joined as plaintiffs or defendants. It provides for the exceptional case of a refusal to join as a plaintiff.
We apprehend that this union of interest refers to such cases as those of joint-tenants, co-trustees, partners, joint-owners or joint-contractors simply; where in fact a separate judgment in favor of one of them would not be proper on the case as stated in the complaint. It is true that, under section 274, a separate judgment may be had, in a case which does distinctly present a joint cause of action only; but this is only when on the proofs it turns out that a separate action could have been maintained.
But on a demurrer to a complaint, we apprehend that the test of the unity of interest intended in the 119th section is, that joint connection with, or relation to the subject matter, which, by the established practice of the common law courts, will preclude a separate action.
We think that the judgment must be affirmed with costs.
Ordered accordingly.